UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-132-TAV-DCP |
| | ) | |
| TARAH ARBACH | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. On January 15, 2026, a Pretrial Order [Doc. 14] was entered in this case, and on that same date, Defendant Arbach filed a Motion to Continue Trial Date and Relevant Deadlines [Doc. 15].[1]

Defendant Arbach asks the Court to continue the motion and plea deadlines, as well as the trial in her case [*Id*. at 1]. In support of her motion, Defendant asserts her counsel has been involved in a good faith effort to resolve her case, but additional time is necessary for discussions between Defendant and counsel, as well as defense counsel and Government counsel [*Id.* ¶ 1]. Defendant states her counsel and counsel for the Government agree there remains outstanding discovery to be received and reviewed in her case [*Id.* ¶ 1]. Defendant also states a continuance in this case will allow the parties an opportunity to fully resolve the pending issues [*Id.* ¶ 2]. Defendant's motion reflects the Government does not object to the requested continuance [*Id.* ¶ 4].

---

[1] Given the concurrent filings, Defendant's Motion to Continue Trial Date and Relevant Deadlines [Doc. 15] is being addressed by the undersigned as a pretrial matter, and this Memorandum and Order supersedes the Pretrial Order [Doc. 14].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, defense counsel needs time to review the case with Defendant, receive and review discovery, continue discussions with the Government, and, if necessary, prepare the case for trial. The Court finds that this cannot occur before the February 10, 2026 trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue Trial Date and Relevant Deadlines [**Doc. 15**]. The trial date is reset to **May 12, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the motion on January 6, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Unopposed Motion to Continue Deadlines and Trial Date [**Doc. 15**] is **GRANTED**;

(2) the trial date is reset to commence on **May 12, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **January 15, 2026**, and the new trial date of **May 12, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 13, 2026**;

2


Case 3:25-cr-00132-TAV-DCP   Document 16   Filed 01/29/26   Page 2 of 3   PageID #: 36

(5) the deadline for filing motions *in limine* is **April 27, 2026**, and responses to motions *in limine* are due on or before **May 4, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **April 28, 2026, at 1:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 1, 2026**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge